# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:05-cr-420-T-30TBM
USM NUMBER: 577399-004

vs.

KENNETH ANSON

Defendant's Attorney: James S. Benjamin, ret.

THE DEFENDANT:

X pleaded guilty to count(s) THREE of the Indictment.
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(B)(I) and 1956(h) | Conspiracy to Commit Money Laundering Offenses | September 28, 2005 | Three |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
X Count(s) ONE and TWO of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 5, 2007

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: September 6, 2007

Defendant: KENNETH ANSON
Case No.: 8:05-cr-420-T-30TBM



## IMPRISONMENT

**After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.**

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of EIGHTEEN (18) MONTHS as to Count Three of the Indictment with credit for time served.**

X The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FDC Miami (FL). The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

__ at __ a.m./p.m. on __.
__ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

__ before 2 p.m. on ___.
__ as notified by the United States Marshal.
X as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

______________________________________
______________________________________
______________________________________

Defendant delivered on ____________________ to ______________________________
__ at ____________________________________, with a certified copy of this judgment.

______________________________________
United States Marshal

By:______________________________________
Deputy United States Marshal

Defendant: KENNETH ANSON
Case No.: 8:05-cr-420-T-30TBM



## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count Three of the Indictment.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court authorizes random drug testing not to exceed 104 tests per year.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | **$100.00** | **Waived** | **N/A** |

_ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $__ | $___ | |

_ Restitution amount ordered pursuant to plea agreement $ _____________.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

_ the interest requirement is waived for the ___ fine ___ restitution.

_ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. _X_ Lump sum payment of $ $100.00 due immediately, balance due

___ not later than ________, or

___ in accordance __ C, __ D, __ E or __ F below; or

B. __ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. __ Payment in equal ____________ (e.g., weekly, monthly, quarterly) installments of $ _______ over a period of ______ (e.g., months or years), to commence ________ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _________(e.g., weekly, monthly, quarterly) installments of $ _______ over a period of __________, (e.g., months or years) to commence ____________ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _____________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

_X_ The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. Items to be forfeited include: $228,048.63 in U.S. Currency, which represents a portion of the proceeds from the agreed sales of the properties located at 830 S.W. 12th Place, Ft. Lauderdale, Florida ($130,834.30), and 8360 Pasadena Boulevard, Pembroke Pines, Florida ($147,214.33); a 1987 24' Fish Nautiqe "Aleksandra II" with tailer, Hull Identification No. CTC11025B787; a 1993 33' Imperial Vessel with trailer, Hull Identification No. IME 00010A293; and sums of $5,070 and $1,443 in U.S. Currency. The Court makes final the Preliminary Order of Forfeiture [Dkt. 297] and will make the order a part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE NO. 8:05-cr-420-T-30TBM

KENNETH ANSON,

Defendant.

**FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

THIS CAUSE comes before the Court on United States' Motion for Entry of a Forfeiture Money Judgment (Dkt. #292) in the amount of $40,000.00 USD against defendant Kenneth Anson, for the money laundering violations charged in Count Three of the Indictment, to which he pled guilty, and a Preliminary Order of Forfeiture for the following boats, trailer, and currency, belonging to the defendant, as substitute assets in satisfaction of such money judgment:

(1) 1987 24' Fish Nautique "Aleksandra II" w/Trailer,
Registration Number: FL0489FN,
HULL Identification Number: CTC11025B787
Owner of Record: Kenneth Bruce Anson;

(2) 1989 Avon Marine, Inc. Motorboat,
Registration Number: FL0303GW
HULL Identification Number: AVB75099A989
Owner of Record: Kenneth Bruce Anson; and

(3) 1993 33' Imperial Vessel w/Trailer
Registration Number: FL6407LG

HULL Identification Number: !ME00010A293
Owner of Record: Kenneth Bruce Anson.

(4) The sums of $5,070.00 and $1,443.00 in United States currency, seized from Kenneth Bruce Anson on or about the date of his arrest in the instant case.

The Court, being fully advised in the premises, hereby finds as follows:

1. That defendant Kenneth Anson received $40,000.00 in illegal drug proceeds from Sergio Pantoja as a wedding present;

2. That Kenneth Anson knowingly laundered the illegal proceeds in violation of 18 U.S.C. § 1956(h), as charged in Count Three of the Indictment, to which he pled guilty;

3. That the $40,000.00 is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(1) and Fed. R. Criminal. P. 32.2(b)(2);

4. That, as a result of the defendant's actions, the $40,000.00 in U.S. currency has been commingles with other funds and cannot be located upon the exercise of due diligence;

5. That, pursuant to the provisions of 21 U.S.C. § 853(p) [incorporated by 18 U.S.C. § 982(b)(1)], and Fed. R. Criminal. P. 32.2(b)(2), the United States is entitled to a Forfeiture Money Judgment in the amount of $40,000.00 USD against the defendant, for which he is personally liable;

6. That the United States, as a matter of law, is entitled to a money the forfeiture of any other asset, belonging to defendant Kenneth Anson, up to the value of the $40,000.00 USD, pursuant to the provisions of 21 U.S.C. § 853(p)

[incorporated by 18 U.S.C. § 982(b)(1)], and Fed. R. Criminal. P. 32.2(e)(1)(B).

Accordingly, it is hereby

**ORDERED, ADJUDGED**, and **DECREED** that the United States' motion (Dkt. #292) is GRANTED. It is FURTHER **ORDERED** that defendant Kenneth Anson is personally liable to the United States of America for a Forfeiture Money Judgment in the amount of $40,000.00 USD pursuant to 21 U.S.C. § 853(p) and Fed. R. Criminal. P. 32.2(b)(2). It is FURTHER **ORDERED** that, pursuant 21 U.S.C. § 853(p) and Fed. R. Criminal. P. 32.2(e)(1)(B), all right, title, and interest of defendant Kenneth Anson in the boats, trailer, and currency identified in (1) through (4) above are hereby CONDEMNED and FORFEITED to the United States of America as substitute assets in satisfaction of the $40,000.00 Forfeiture Money Judgment. Any proceeds in excess of $40,000.00 USD shall be returned to the defendant.

The Court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property, and to entertain any third party claims that may be asserted in the ancillary proceedings.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Anita M. Cream, AUSA
Attorneys/Parties of Record

F:\Docs\2005\05-cr-420.forfeiture 292.wpd